[Civ. No. 26025.   Second Dist., Div. Two.   Aug. 20, 1962.]

JO-ANNE CHRISTINE WOOD, Plaintiff and Appellant, v. FRED WOOD, Defendant and Respondent.

34

Valensi & Rose and Stephen G. Valensi for Plaintiff and Appellant.

Robert F. Johnson for Defendant and Respondent.

FOX, P. J.—This is an appeal by plaintiff from an order granting a change of custody of two minor children, a boy aged 3 and a girl aged 6, from the mother to the father.

The parties were granted an interlocutory decree of divorce in Los Angeles County in June 1959. The decree granted custody of the minor children to plaintiff with the right of reasonable visitation but with the further specific provisions (1) that after the expiration of three and one half months from the date of the decree, the father may see the children at least once each week; and (2) may take them with him for one month during the summer. The decree further provided "neither party shall remove either of the children from the state without the written consent of the other." Defendant was required to make monthly payments for the support of

the children except for the month during the summer when he was entitled to have the children with him.

During the early part of the following October plaintiff told defendant that she and George Welch "were leaving immediately for Las Vegas." Defendant "saw them get into the car and leave." Plaintiff took the children to Nevada although defendant did not give any written consent therefor as required by the interlocutory decree. She immediately took up residence in Nevada, filed suit for divorce (defendant appearing therein through counsel) and procured a divorce decree on December 1, 1959. This latter decree awarded the custody of the children to the plaintiff. They were, however, at that time in California with defendant.

Early in 1960 both parties remarried, plaintiff marrying Welch. This marriage was of short duration ending in plaintiff's securing a divorce from Welch in March, 1961.

Soon after plaintiff's divorce from Welch and while she was looking for employment in Las Vegas, she brought the children to California and left one of them with her mother and the other with defendant's mother, having refused to leave them with defendant. After a few weeks, however, defendant got possession of the children. In April plaintiff came to California apparently for the purpose of securing physical custody of the children. Defendant, however, refused to surrender their custody and secured an order to show cause *re* modification of the interlocutory and final decrees wherein the custody of the children was awarded to plaintiff and sought to have the custody of the children awarded to him.

At the initial hearing on the order to show cause on May 10, the court appointed Beatrice Ellinwood, court investigator, "to make an investigation and report to the court re the matter of custody." Provision was also made for a report by an investigator in Clark County, Nevada. It was stipulated that the investigators' reports might be received in evidence without the necessity of the investigators personally appearing at the hearing. The matter was then continued to June 14, 1961, the children in the meantime to remain with the defendant. At the hearing, in addition to the foregoing facts, it appeared that plaintiff was living in a house in the Las Vegas area with another young woman who also had a child and that plaintiff was employed at the Tropicana Hotel in Las Vegas. There was, however, a conflict of evidence as to the character of her employment and the number of days per week she worked. There is also some uncertainty as to her

hours of employment. It also appeared that defendant was a building contractor and was able to provide the children with a good home and adequate supervision. The investigators' reports were received in evidence as per the earlier stipulation of counsel.

It is settled that (1) "An application for a modification of an award of custody is addressed to the sound legal discretion of the trial court, and its discretion will not be disturbed on appeal unless the record presents a clear case of an abuse of that discretion" (*Munson* v. *Munson,* 27 Cal. 2d 659, 666 [166 P.2d 268] ; (2) in passing on such a question "primary consideration must be given to the welfare of the child" (*Sanchez* v. *Sanchez,* 55 Cal.2d 118, 121 [10 Cal.Rptr. 261, 358 P.2d 533] ; and (3) every presumption is in favor of the reasonableness of the order. (*Gudelj* v. *Gudelj,* 41 Cal.2d 202, 209 [259 P.2d 656].) Pertinent here also is the comment of this court in *Ducharme* v. *Ducharme,* 152 Cal. App.2d 189 [313 P.2d 33] : "It has been held repeatedly that the trial judge having heard the evidence, observed the witnesses, their demeanor, attitude, candor or lack of candor, is best qualified to pass upon and determine the factual issues presented by their testimony; and, observes the court in *Currin* v. *Currin,* 125 Cal.App.2d 644, 651 [271 P.2d 61], 'this is especially true where the custody of minor children is involved. An appellate tribunal is not authorized to retry the issue of custody, nor to substitute its judgment for that of the duly consituted arbiter of the facts.' It is the trial court's responsibility to pass on the credibility of witnesses, the weight to which their testimony is entitled, and the inferences to be drawn from the evidence. On appeal it is, of course, the duty of this court to view the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the successful party in the court below." (P. 193.)

Applying these principles in the instant case, it is apparent that the court's order changing custody of the two children to their father finds ample support in the evidence and that no abuse of discretion occurred. The evidence justifies the inference that plaintiff had not been able to establish a home that gave assurance of continued adequate care and supervision. It will be recalled that the children came into the possession of the father in March 1961 by reason of their having been placed with the respective grandparents while plaintiff was searching for employment. Just how stable

and secure plaintiff's employment was at the time of trial does not appear. Her employment at that time was, according to her testimony, "between four and six" days a week. The Nevada investigator reported that "she gets in from three to six days work" each week. It thus appears that her employment was, at that time, not a full-time employment. While plaintiff had another young woman with a child living in the home with her who plaintiff said worked hours different from hers and who therefore would be available to look after her children when she was at work, it is apparent that such an arrangement might be terminated at any time. On the other hand, the father appears to have established a stable home and was prepared to provide adequate care, supervision and training for the children.

Bearing in mind that a wide discretion is given to the court in matters of this kind; that the welfare of the children is the primary consideration in determining whether there should be a change of custody; and that the trial judge had the parties before him and thus had an opportunity to observe them and appraise their reliability and stability, it cannot be said, as a matter of law, that the trial court abused its discretion in making the order here under review.

It is unnecessary to discuss other points raised by appellant. The order is affirmed.

Ashburn, J., and Herndon, J., concurred.